UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>MACARIO ROSALES SANCHEZ,<br><br>                    Defendant. | No.  4:15-CR-6010-EFS-4<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE** |

    Before the Court are Defendant Macario Rosales Sanchez's First Motion to Modify Conditions of Release, ECF No. 140, and Second Motion to Modify Conditions of Release, ECF No. 141.[1] On January 15, 2016, Magistrate Judge John T. Rodgers held a bail hearing as to Mr. Sanchez and set conditions of release. ECF Nos. 54 & 65. On November 9, 2016, Mr. Sanchez entered a guilty plea, and the Court ordered Mr. Sanchez released pending sentencing on the same conditions previously imposed. ECF Nos. 134 & 135.

    In his first motion to modify conditions of release, Defendant requests that the Court remove the requirement that he wear an ankle bracelet. Mr. Sanchez has been in compliance with the conditions of pre-trial release, and the Probation Office has indicated that it does

---

[1] While these motions are labeled "first" and "second," the Court notes that Defendant has filed motions to modify conditions of release on three prior occasions. *See* ECF Nos. 72, 102 & 104

ORDER - 1

1  not think that the ankle monitor requirement is necessary. Defendant
2  indicates that the United States Attorney's Office also has no
3  objection. The Court notes that an ankle bracelet requirement was
4  never expressly imposed. *See* ECF No. 65. Instead, a curfew requirement
5  was imposed, and the Probation Office understood this requirement to
6  include an ankle monitor requirement. Accordingly, because the ankle
7  bracelet requirement was never expressly imposed, there are no
8  objections to removing the bracelet, and the Probation OFfice does not
9  believe that the requirement is necessary, the Court finds good cause
10 to remove any requirement that Defendant wear an ankle bracelet.

11     The Probation Office has requested that, if the ankle bracelet
12 requirement is removed, the curfew requirement also be removed because
13 monitoring a curfew condition without the aid of an ankle monitor is
14 an onerous requirement for Probation. In the past, the Court has twice
15 modified Mr. Sanchez's curfew requirement in order to accommodate the
16 Defendant. *See* ECF Nos. 81 & 103. Because the Court has removed the
17 ankle monitoring requirement and continuing the curfew requirement
18 without such a monitor will be both burdensome to Probation and costly
19 to the public, the Court finds good cause to grant Probation's request
20 and remove the curfew requirement as well.

21     In his second motion, Defendant seeks permission to travel to
22 Leavenworth, Washington from December 16, 2016, to December 19, 2016,
23 in order to celebrate the holidays with his family. As the Defendant
24 is no longer subject to a curfew and Leavenworth, Washington is in the
25 Eastern District of Washington, Defendant's conditions of pre-trial
26

ORDER - 2

release no longer restrict travel to Leavenworth. The Court denies the motion as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Modify Conditions of Release, **ECF No. 140**, is **GRANTED.**
2. Any requirement that Defendant wear an ankle monitor is removed. The related curfew requirement is also removed.
3. Defendant's Motion to Modify Conditions of Release, **ECF No. 141,** is **DENIED AS MOOT.**
4. Under Defendant's conditions of pre-trial release, he may travel to Leavenworth, Washington. He may not travel beyond the Eastern District of Washington.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this   30th   day of November 2016.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge